ADC/USAO# 2014R00449

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

2014 SEP 10 P 2:54

CLERK'S OFFICE
AT BALTIMORE

BY _____ DEPUTY

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL NO. CCB-14-0421 |
| TASHMA MCFADDEN | * Possession with Intent to Distribute Marijuana and Cocaine, 21 U.S.C. §841(a)(1); Possession of a Firearm in Furtherance of a Drug Trafficking Crime, 18 U.S.C. §924(c); Possession of a Firearm by Prohibited Person, 18 U.S.C. §922(g). |
| Defendant | |

## INDICTMENT

### COUNT ONE

The Grand Jury for the District of Maryland charges that:

On or about June 12, 2014, in the District of Maryland, the defendant,

**TASMA MCFADDEN,**

did knowingly and intentionally possess with the intent to distribute a mixture or substance containing a detectable amount of Marijuana, a Schedule I controlled substance and a mixture or substance containing a detectable amount of Cocaine, a Schedule II controlled substance.

21 U.S.C. § 841(a)(1)

## COUNT TWO

The Grand Jury for the District of Maryland further charges:

On or about June 12, 2014, in the District of Maryland, the defendant,

## TASHMA MCFADDEN,

did knowingly possess a firearm, to wit, a New England Firearms 12 gauge shotgun, serial number NH490969, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, to wit, possession with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 841(a)(1), as set forth in Count One of this Indictment and incorporated here.

18 U.S.C. § 924(c)

## COUNT THREE

The Grand Jury for the District of Maryland further charges that:

On or about June 12, 2014, in the District of Maryland, the defendant,

## TASHMA MCFADDEN,

having been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm, to wit: a New England Firearms 12 gauge shotgun, serial number NH490969, in and affecting commerce.

18 U.S.C. § 922(g)(1)

**FORFEITURE**

The Grand Jury further finds that:

1. Pursuant to Title 21, United States Code, Section 853(a), upon conviction of an offense in violation of the Controlled Substances Act, as alleged in Counts One and Two, the defendant shall forfeit to the United States of America:

   a. any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such violation; and

   b. any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

2. The property to be forfeited includes, but is not limited to, the following:

   A sum of money equal to the value of the proceeds of any offense for which the defendant is convicted; and

   The firearm described in Counts Two and Three of the Indictment.

3. If any of the property described above, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

21 U.S.C. § 853; 28 U.S.C. § 2461(c); Rule 32.2(a), F.R.Crim.P.

ROD J. ROSENSTEIN
United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**
Foreperson

Date: 9/10/14