IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal No. CCB-14-421 |
| TASHMA McFADDEN | * | |

**MOTION FOR A FRANKS HEARING**

Tashma McFadden, through counsel, hereby moves for a hearing under Franks v. Delaware, 438 U.S. 154 (1978), on the validity of the search warrant for the home located at 3623 Reisterstown Road, Baltimore, Maryland. The affidavit in support of the search warrant contained a false statement that Mr. McFadden "lived" at the house, and it failed to disclose that the home was actually a boarding house with seven rooms for rent. The false statement and omission were material and made in reckless disregard for the truth. If the false statement is removed from the affidavit, or if the material omission is included in the affidavit, there would have been no probable cause. For the reasons stated below, Mr. McFadden has made a "substantial preliminary showing" of a material false statement and a material omission, both made in reckless disregard for the truth, that entitles him to a Franks hearing.

**Background**

On June 10, 2014, Officer Grant Hemmerly of the Baltimore City Police Department submitted an application to the Honorable L. Robert Cooper of the District Court for Baltimore City for a search warrant for 3623 Reisterstown Road, Baltimore, Maryland 21215. In support of his application, Officer Hemmerly submitted an affidavit. See Exhibit A (Search Warrant, Search Warrant Application, and Affidavit in Support of Search Warrant). Officer Hemmerly (or the "affiant") stated that the information in the affidavit was based on his personal knowledge, "a

review of documents and other evidence," and conversations with other law enforcement officers and others. Id. at 1.[1]

In the Probable Cause section of the affidavit, the affiant stated that during the month of May 2014, he received information from a reliable confidential informant (CI-1), who advised him that a "black male known on the streets as 'TRU,' is distributing quantities of marijuana in the 'Park Heights' neighborhood." Id. at 6. The affiant stated that "CI-1 advised that 'TRU' is utilizing his home located at 3623 Reisterstown Rd, Baltimore, Maryland 21215, to store the marijuana." Id. He also stated that "CI-1 warned that he/she knows that 'TRU' has a double barreled shotgun, and advised that 'TRU' has the shotgun to protect his stash of illegal narcotics." Id. The affiant reported that CI-1 is reliable and that "[i]nformation provided by CI-1 has proven reliable and has been corroborated to the extent possible by independent investigation." Id. at 7.

Officer Hemmerly stated that the CI-1 explained how "TRU" would distribute suspected marijuana. Id. According to the affidavit, "CI-1 reported that 'TRU' waits inside 3623 Reisterstown Rd, or the front porch, and waits for 'customers' who wish to purchase marijuana." Id. "When a customer arrives at 3623 Reisterstown Rd, they would approach 'TRU' if he was on the porch, or knock on the front door and wait for 'TRU' to meet them on the front porch." Id. "'TRU' and the customer(s) would then have a brief conversation before 'TRU' or [sic] hands the individual(s) a quantity of marijuana in exchange for U.S. currency in bill form." Id.

---

[1] Exhibit A is the search warrant, the application, and the supporting affidavit. These documents were produced in discovery without pagination or bates labels. In order to include citations to the affidavit in this motion, Mr. McFadden has inserted page numbers in the exhibit, beginning with page 1 of the affidavit. Any citation in this motion to page numbers in Exhibit A refer to the page numbers on the affidavit.

After receiving this information, the affiant "showed CI-1 a booking photograph of Tashma McFadden," and "CI-1 positively identified [him] as the individual he/she knows to live at 3623 Reisterstown Rd, and stores marijuana." Id.

The affiant next stated that "[a]fter identifying the target of the investigation, [he] conducted a thorough background investigation of Tashma McFadden." Id. The affiant discovered his criminal history. See id. at 8. The affiant also claimed that he "utiliz[ed] various law enforcement data bases" to discover that Mr. McFadden is a confirmed Bloods gang member. Id.

During the second week of June 2014, the affiant conducted a controlled purchase utilizing CI-1. Id. The affiant searched CI-1 and found him/her to be free of currency and contraband and then gave CI-1 departmental currency and directed him/her to 3623 Reisterstown Road. Id. The affiant stated that "CI-1 was observed walking down the sidewalk, up the front steps and to the front door of 3623 Reisterstown Rd." Id. When "CI-1 arrived at 3623 Reisterstown Rd, he/she knocked on the front door." Id. "Shortly after, the front door of 3623 Reisterstown Rd opened and CI-1 entered the dwelling." Id. The affiant stated that CI-1 "advised that Tashma McFadden . . . let him/her into the dwelling." Id. After a "brief conversation" with Mr. McFadden, CI-1 handed him departmental currency in exchange for a quantity of suspected marijuana. Id. "CI-1 then proceeded directly back to your Affiant and produced a quantity of suspected marijuana to your Affiant." Id. at 8-9. The CI then advised the affiant "that the suspected marijuana was purchased from Tashma McFadden." Id. at 9.

Nearing his conclusion, the affiant stated: "Based on all the information contained herein, such as the reliability of the informant, the corroboration of the informants [sic] information with

3

your Affiants [sic] observations, knowledge, investigation, and the corroboration of the address of 3623 Reisterstown Rd, Baltimore, Maryland 21215 and the person of Tashma McFadden . . . it is the belief of your Affiant that probable cause exists to believe CDS, as well as narcotic paraphernalia can be found at 3623 Reisterstown Rd, Baltimore, Maryland 21215 and the person of Tashma McFadden . . ." Id. at 9-10.

On June 10, 2014, in reliance on the affidavit, Judge Cooper signed the warrant.

**Argument**

In Franks v. Delaware, 438 U.S. 154 (1978), the Supreme Court held that "under limited and carefully circumscribed circumstances, a defendant may challenge an affidavit offered to procure a search warrant against the defendant." United States v. Tate, 524 F.3d 449, 454 (4th Cir. 2008). The Supreme Court in Franks articulated the right as follows:

> [W]here the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request. In the event that at that hearing the allegation of perjury or reckless disregard is established by the defendant by a preponderance of the evidence, and, with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause, the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit.

Franks, 438 U.S. at 155-56. In order for a defendant to be entitled to a Franks hearing, he must make "a substantial preliminary showing" that the affiant included a "false statement knowingly and intentionally, or with reckless disregard for the truth," that "when included would defeat a probable cause showing." Tate, 524 F.3d at 455. In cases involving material omissions, the defendant must establish that the affiant omitted material facts "with the intent to make, or in

4

reckless disregard of whether they thereby made, the affidavit misleading." United States v. Colkley, 899 F.2d 297, 300 (4th Cir. 1990). A substantial preliminary showing must include a detailed "offer of proof." Id.; Tate, 524 F.3d at 455. Mr. McFadden has satisfied this standard.[2]

## I.     The Affidavit Falsely Stated that Mr. McFadden Lived at 3623 Reisterstown Road.

### A.     The Statement was False.

Officer Hemmerly falsely stated in his affidavit that Mr. McFadden "lived" at 3623 Reisterstown Road. See Exhibit A at 6, 7. Specifically, Officer Hemmerly stated in the probable cause section: "TRU" is utilizing "his home located at 3623 Reisterstown Road" to store marijuana, id. at 6 (emphasis added), and "CI-1 positively identified Tashma McFadden . . . as the individual who he/she knows to live at 3623 Reisterstown Rd, and stores marijuana." Id. at 7 (emphasis added). In addition to those explicit statements, Officer Hemmerly led Judge Cooper to believe Mr. McFadden lived at the home. According to the affidavit, CI-1 reported that Mr. McFadden sells marijuana on the porch or inside of his home to customers who knock on his front door. Id. CI-1 further reported that he purchased marijuana from Mr. McFadden inside his home. Id. at 8.

In fact, Mr. McFadden did not live at the house. According to the property manager for 3623 Reisterstown Road, Mr. McFadden was not a tenant at the house. See Exhibit B (Affidavit of Reginald Smallwood) ¶ 6.

---

[2]     Mr. McFadden submits with this motion an order of proof in the form of affidavits and other documentary evidence. His investigation into the issues raised in this motion is ongoing, and he reserves the right to supplement his order of proof in a supplemental submission or reply brief.

### B. The False Statement Was Material.

The false statement that Mr. McFadden "lived" at the premises was material to Judge Cooper's probable cause finding that evidence of Mr. McFadden's drug distribution and illegal firearm possession may be found at his house. The materiality of the false statement becomes readily apparent if the Court contrasts the affidavit in this case with an affidavit submitted in support of a warrant for a "stash house" where the suspect does not live. In those affidavits, affiants typically provide (or are supposed to provide) significant evidence of a suspect's connection to the "stash house," such as a police officer's personal observations of criminal activity being operated out of the home or evidence that a family member or girlfriend of the suspect lives at the "stash house" to which the suspect has ready access. No such statements were included in this affidavit, because Officer Hemmerly led Judge Cooper to believe that the nexus between the suspect and the home to be searched was satisfied by virtue of the fact that it was where the suspect lived. If the explicit references to Mr. McFadden living at the home and the descriptions of Mr. McFadden selling drugs out of the house described as his home are removed, there would have been no probable cause to search the house.

### C. The Material False Statement Was Made In Reckless Disregard for the Truth.

The material, false statement that Mr. McFadden "lived at" the home was made in reckless disregard for the truth. Officer Hemmerly swore that the information in the affidavit was based on, among other things, "a review of documents and other evidence." Exhibit A at 1. He also swore that information provided by CI-1 "has been corroborated to the extent possible by independent investigation." Id. at 7. He further swore that after CI-1 identified Mr. McFadden

as the target of the investigation, he (the affiant) "conducted a thorough background investigation of Tashma McFadden" id. and that he "utiliz[ed] various law enforcement data bases" to investigate Mr. McFadden. Id. at 8. See also id. at 10 (based on "the corroboration of the informants [sic] information with your Affiants [sic] observations, knowledge, investigation, and the corroboration of the address . . ."). These sworn statements led Judge Cooper to believe that Officer Hemmerly had conducted an independent investigation to corroborate the CI-1's statements that Mr. McFadden did, in fact, live at the targeted home. In fact, it does not appear that Officer Hemmerly did what he says he did.

If Officer Hemmerly had conducted an independent investigation to corroborate the informant's statements, he would have found no evidence that Mr. McFadden actually lived at the house and ample evidence suggesting that he did not live there. Various publicly available databases that police often use to link individuals to residences would have indicated that Mr. McFadden did not live at 3623 Reisterstown Road. One of the most common database police use to corroborate residency is the MVA database. A routine check of the MVA database in this case would have revealed that Mr. McFadden's address of record was 2305 W. Lexington Street, Baltimore, Maryland, and that his prior address of record was 2727 Pelham Avenue, Baltimore, Maryland. See Exhibit C-1 (attached to Exhibit C, Aida Lopez Affidavit). The MVA database does not list 3623 Reisterstown Road as a current or former address of record. Officers also often seek BGE subscriber information to corroborate personal observations or informant statements regarding residency. Here, BGE records would have shown that the subscriber was Andre Brown, not Tashma McFadden. See Exhibit C-4 (attached to Lopez Aff.). The water and sewage for the home was registered to Kane Investments LLC c/o Lisa & Huebert Rice. See

7

Exhibit C-3 (attached to Lopez Aff.). A land record search would have shown that the home was owned by Kane Investments LLC, 1310 Fairmont Street NW, Washington, D.C. See Exhibit C-2 (attached to Lopez Aff.). The information in these databases does not corroborate the information provided by the informant that Mr. McFadden lived at 3623 Reisterstown Road, and it casts considerable doubt over the accuracy of the informant's claim that he did. In light of this information, it was reckless for Officer Hemmerly to state that Mr. McFadden lived at the home to be searched when neither these public databases nor his own personal observations corroborated that claim.

**II.     The Affidavit Failed to State that 3623 Reisterstown Road Was a Boarding House With Seven Rooms for Rent.**

    **A.     The Affidavit Omitted Information Regarding the Home.**

Officer Hemmerly described the home to be searched as a "brick, two story row home with a white front door and black security door." Exhibit A at 1. That description and the affiant's reference to the premises as Mr. McFadden's home led the issuing judge to believe that the home was a single-family home where Mr. McFadden lived and that he had access to the entire house. What he failed to disclose, and what the government now knows, is that the house is not a single-family home; it is a boarding house with seven rooms for rent by the week. See Exhibit B ¶ 4. That fact was omitted from the search warrant.

    **B.     The Omission Was Material.**

The fact that the house was a boarding house with seven rooms for rent was material to the probable cause determination. As presented to Judge Cooper, the affidavit sought a warrant to search the entire home. It did not identify which of the rooms Mr. McFadden lived in and

8

which room he allegedly stored his marijuana and shotgun. And if the home was, in fact, a single family home where he lived and had access to the entire house, the affidavit need not be more specific. If, however, the affidavit had stated that the home was a boarding house with seven rooms for rent, Judge Cooper would not have authorized a search of the entire house. He would have required the affiant to identify the precise room(s) to be searched and the reasons why there was probable cause to believe evidence of a crime would be found in them, because the law treats each room as a separate unit for which a distinct finding of probable cause must be identified. United States v. Perez, 484 F.3d 735, 741 (5th Cir. 2007); United States v. White, 416 F.3d 634, 637 (7th Cir. 2005); United States v. Butler, 71 F.3d 243, 249 (7th Cir. 1995). He would have required evidence that Mr. McFadden was a tenant or had access to a room in the house, and if either was established, he would have required the identification of the precise room and its location. Judge Cooper also would have required additional evidence that it was Mr. McFadden who sold the confidential informant marijuana inside the boarding house and not one of the many tenants or guests who had access to the home. See Exhibit B ¶¶ 4-5.[3] Unbeknownst to Judge Cooper, however, he issued a warrant to search the entire house. Had he known that it was a boarding house, he would not have found probable cause for the search.

### C. The Material Omission Was Made In Reckless Disregard for the Truth.

The defense has no evidence at this time to suggest that Officer Hemmerly had actual

---

[3] Additional evidence would have been especially necessary to establish probable cause because the alleged drug transaction did not occur in the presence of a police officer or in an officer's line of sight; the alleged sale was not audio or video recorded; the police did not see Mr. McFadden's face when he allegedly opened the door to the boarding house; and there was no other evidence corroborating the informant's claim that Mr. McFadden was selling drugs (such as text messages or phone calls).

knowledge that the home was a boarding house when he submitted his search warrant application. However, there is significant evidence that Officer Hemmerly should have discovered that it was a boarding house. If he had attempted to corroborate the informant's claim that Mr. McFadden lived at the home with an independent investigation by utilizing the MVA database or reviewing BGE, water/sewage, or land records, he would not have been successful. That failed effort should have led to a detailed discussion with the informant about how he knows Mr. McFadden lives there; where in the home he allegedly stores his marijuana and shotgun; where the alleged transaction in the home took place; whether anyone was present during the alleged drug sale; and whether anyone else lives at or has access to the home. Indeed, those conversations should have occurred with the informant in any event. The informant, in turn, should have disclosed, if he was truthful, that when he entered the house to purchase marijuana, there were numbers on the doors to the rooms on the first floor where he entered, indicating it was a boarding house.[4]

Officer Hemmerly also should have ensured that he personally observed Mr. McFadden open the door for the informant and that he personally observed Mr. McFadden enter and leave the home to confirm the informant's claim that Mr. McFadden lived there. He apparently did not. Given that his entire investigation depended on the uncorroborated word of a confidential informant, Officer Hemmerly's failure to independently investigate the home and Mr. McFadden's alleged connection to the home (which would have revealed it was a boarding house) constituted a reckless disregard for the truth.

---

[4]     See Exhibit C ¶ 5 (Lopez Aff.) and Exhibits C-5, C-6, and C-7 (attached to Lopez Aff.) (pictures of first floor of 3623 Reisterstown Road and numbered doors).

**Conclusion**

Based on the materially false statement and the material omission, which were made with reckless disregard for the truth, Mr. McFadden has made a substantial preliminary showing that entitles him to a <u>Franks</u> hearing on the validity of the search warrant.

                Respectfully submitted,
                JAMES WYDA
                Federal Public Defender

                        /S/
                _____
                DEBORAH L. BOARDMAN, #28655
                Assistant Federal Public Defender
                Office of the Federal Public Defender
                100 South Charles Street
                Tower II, 9th Floor
                Baltimore, Maryland 21201
                Phone: 410-962-3962
                Fax: 410-962-0872
                Email: deborah_boardman@fd.org