## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA     *

v.     *     **Criminal No.  CCB-14-421**

TASHMA McFADDEN     *

## MOTION TO SUPPRESS TANGIBLE EVIDENCE SEIZED
## FROM 3623 REISTERSTOWN ROAD, BALTIMORE, MARYLAND 21215

Tashma McFadden, through counsel, hereby moves this Honorable Court to issue a pre-trial ruling barring the government from admitting as evidence at trial any items seized from the premises located at 3623 Reisterstown Road, Baltimore, Maryland 21215.  The evidence should be suppressed because (i) the search warrant affidavit did not present probable cause to believe evidence of a crime would be found at the residence and (ii) because the search warrant did not satisfy the Fourth Amendment's particularity requirement.  The Leon good faith defense to these search warrant defects is not available.  Suppression is warranted.

## Background

Tashma McFadden has been charged with possession with intent to distribute marijuana and cocaine, in violation of 21 U.S.C. § 841(a)(1); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c); and possession of a firearm after having been convicted of a crime punishable by more than one year, in violation of 18 U.S.C. § 922(g)(1).  These federal charges followed the execution of a search warrant by the Baltimore City Police Department on June 12, 2014 at the premises located at 3623 Reisterstown Road, Baltimore, Maryland 21215.[1]  The premises to be searched was described by the affiant as "a

---

[1]      The search warrant and affidavit are attached to Mr. McFadden's Franks motion as Exhibit A.  For the sake of brevity and judicial economy, Mr. McFadden will assume the Court's familiarity with his Franks motion and its discussion of the search warrant affidavit.

brick, two story row home with a white front door and black security door." During the search of

the premises, police officers seized marijuana, cocaine, a shotgun, and ammunition, among other

items, from a bedroom on the first floor.

**Argument**

**I.     The Search Warrant Affidavit Did Not Establish Probable Cause.**

The search violated the Fourth Amendment to the United States Constitution, because the

affidavit underlying the warrant did not establish probable cause to believe evidence of a crime

would be found at the location.  See Doe v. Broderick, 225 F.3d 440, 451 (4th Cir. 2000) ("The

fundamental constitutional principle that search warrants must be founded upon probable cause

derives from the language of the Fourth Amendment itself, which provides that 'no Warrants

shall issue, but upon probable cause, supported by Oath or affirmation, and particularly

describing the place to be searched, and the persons or things to be seized.'"); Illinois v. Gates,

462 U.S. 213, 238 (1983) (officer seeking issuance of search warrant must present affidavit

containing facts sufficient to "provide the magistrate with a substantial basis for determining the

existence of probable cause;" probable cause requirement demands that officer demonstrate "fair

probability" that evidence of crime will be found at particular place); Brinegar v. United States,

338 U.S. 160, 175 (1949) (probable cause means "more than bare suspicion").

The affidavit rests exclusively on the uncorroborated word of an unidentified

confidential informant.  The confidential informant told police that "Tru" (whom he identified in

a picture as Mr. McFadden) was selling marijuana, that "Tru" possessed a shotgun, and that he

(the confidential informant) purchased marijuana from "Tru" inside the home located at 3623

Reisterstown Road during the second week of June 2014.  This reported drug transaction

allegedly occurred inside the home, out of police presence or line of sight.  Indeed, police did not

even see Mr. McFadden open the door to the home when the confidential informant allegedly

knocked on it and entered.  Inside the home, the alleged controlled purchase of marijuana was not

recorded by audio or visual means.  And at no time were the departmental funds apparently used

during the alleged controlled transaction ever recovered on Mr. McFadden.  There were no cell

phone records of calls or text messages connecting Mr. McFadden to the informant.  The

confidential informant's claim that Mr. McFadden lived at the home was not corroborated or

independently verified by police.

Thus, based on the four corners of the affidavit, there was no probable cause to issue the

warrant.

## II.    The Search Warrant Did Not Identify With Particularity the Place to Be Searched.

The evidence seized pursuant to the search warrant should be suppressed because the

warrant did not describe the place to be searched with sufficient particularity.  The Fourth

Amendment requires that "no warrants shall issue, but upon probable cause, supported by Oath

or affirmation, and particularly describing the place to be searched, and the persons or things to

be seized." U.S. Const. Amend. IV.  The purpose of the particularity requirement is to "ensure[]

that the search will be carefully tailored to its justifications, and will not take on the character of

the wide-ranging exploratory searches the Frames intended to prohibit." Maryland v. Garrison,

480 U.S. 79, 84 (1987).  "The particularity requirement is satisfied when an officer in possession

of a search warrant describing a particular place to be searched can reasonably ascertain and

identify the intended place to be searched." United States v. Moore, 119 Fed. Appx. 438, 439-

440 (4th Cir. 2004).

The building that was the subject of this search warrant, 3623 Reisterstown Road, was described by the affiant as "a brick, two story row home with a white front door and black security door." That building was, in fact, a boarding house with seven separate rooms, each for rent by individual tenants. <u>See</u> Exhibit B to <u>Franks</u> Motion (Smallwood Aff). The fact that it was a boarding house was not disclosed to the issuing judge in the warrant application or supporting affidavit. As a result, the search warrant did not identify the specific room in the boarding house that was to be searched. When a building contains separate residency units, as the building does in this case, the warrant must specify the precise unit that is the subject of the search, <u>see</u> <u>United States v. Perez</u>, 484 F.3d 735, 741 (5th Cir. 2007); <u>United States v. White</u>, 416 F.3d 634, 637 (7th Cir. 2005), and a distinct probable cause determination must be made for each unit. <u>See</u> <u>United States v. Butler</u>, 71 F.3d 243, 249 (7th Cir. 1995). Thus, the warrant's failure to specify which room allegedly contained evidence of criminal activity violated the particularity requirement of the Fourth Amendment. The unlawfully seized evidence should be suppressed.

**III.    The Good Faith Defense in <u>Leon</u> Is Inapplicable.**

The affidavit was so deficient with respect to 3623 Reisterstown Road that no objectively reasonable officer would have relied in good faith on the legality of the search warrant. <u>See</u> <u>United States v. Leon</u>, 468 U.S. 897, 923 (1984) (when warrant is "so lacking indicia of probable cause as to render official belief in its existence entirely unreasonable" it cannot be relied upon in good faith) (quotation omitted). With respect to demonstrating probable cause, the officer did not attempt to corroborate or verify the alleged statements of the confidential informant. Even if a confidential informant has proven reliable in the past, as is alleged in the affidavit, the affiant must corroborate the information with independent sources

4

and investigation.  Cf. United States v. Graham, 93 Fed. Appx. 511, 514-15 (4th Cir. 2004)

(finding probable cause in affidavit where affiant corroborated confidential informant's

statements and name and address provided by informant).  That was not done in this case.  Thus,

the Leon good faith exception is not a defense.

Nor is the good faith exception a defense to the failure to state with particularity the place

to be searched.  If officers "had known, or even if they should have known," that the premises

was a boarding house, they were "obligated to exclude" the rooms for which there was no

probable cause to search.  Garrison, 480 U.S. at 85; Brooks, 294 Fed. Appx. at 73.  Had the

affiant attempted to independently verify that Mr. McFadden lived at the residence, he would

have discovered ample contrary evidence.  See Defendant's Franks Motion at 7.  That discovery,

in turn, should have led to additional investigation into the home and Mr. McFadden, including

but not limited to a conversation with the confidential informant about the nature of the

residence, where the alleged purchase of marijuana took place in the home, and where the

shotgun was allegedly being stored.

Even if the Court determines that the affiant should not have known before execution of

the search warrant that the premises was a boarding house, he knew – or certainly should have

known – immediately after entry into the home.  It appears that police entered the home through

the front door.  The front door leads to a hallway, and the first door is on the left.  See Exhibit C

to Franks Motion (Lopez Aff).  It is marked "1."  Id.  At that point, police were on notice that the

home was a boarding house.  Single family homes do not have numbers marked on their interior

doors.  Even if that was insufficient notice it was a boarding house, what police found inside of

the room was an obvious indication they had made a mistake.  When police opened the door to

room 1, they found a couple asleep, ordered them out of their bed, and ordered the male to lie face down.  Id.  Officers soon realized that the male was not Mr. McFadden, because one of them apparently made a statement expressing frustration that they had the wrong room or their informant did not tell them which room Mr. McFadden lived in.  Id.  At that point, police should have realized they were misled by the confidential informant and had not sufficiently investigated the premises or Mr. McFadden before submitting the affidavit.  In the face of this evidence, the government may not rely on the Leon good faith defense to cure the particularity defect in the warrant.  See United States v. DeQuasie, 373 F.3d 509, 519 (4th Cir. 2004) (observing that the good faith exception does not apply where "judge in issuing the warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth").

**Conclusion**

Based on the foregoing, Mr. McFadden respectfully moves this Honorable Court to issue a pre-trial ruling barring the government from admitting any evidence seized from the property located at 3623 Reisterstown Road, Baltimore, Maryland.

    Respectfully submitted,
    JAMES WYDA
    Federal Public Defender

        /S/

    _____
    DEBORAH L. BOARDMAN, #28655
    Assistant Federal Public Defender
    Office of the Federal Public Defender
    100 South Charles Street
    Tower II, 9th Floor
    Baltimore, Maryland 21201
    Phone: 410-962-3962
    Fax: 410-962-0872
    Email: deborah_boardman@fd.org

## <u>REQUEST FOR HEARING</u>

Pursuant to Rule 105.6 of the Local Rules of the United States District of Maryland, a hearing is requested on the defendant's motion.

/S/

_____
DEBORAH L. BOARDMAN, #28655
Assistant Federal Public Defender